Marquise Loftis
2260 Watson Way, Vista, CA 92083
Phone: 760-440-4072
Email: m.loftis33@yahoo.com

Pro se

**FILED**

Sep 13 2024

**CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**
BY          s/ armincortez          **DEPUTY**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE DEANGELO LOFTIS,<br><br>Plaintiff,<br><br>vs.<br><br>GRACIELA ROMERO, ET AL., <br><br>Defendant. | Case No.: '24CV1641 CAB DDL<br><br>COMPLAINT |

## I. RELATED CASES

a.   Do you have other Civil Case(s) in this or any other federal court? Yes No

b.   If yes, please list the case numbers here: 1. Loftis v. Arisco, et al., #1:22-cv-01266-JLT-BAM (PC); and 2. Loftis v. White, et al., # 1-23-cv-01149-KSG-GSA.

## II. STATEMENT OF CLAIM *(Briefly state the facts of your case. Describe how each defendant is involved, and tell what*

COMPLAINT - 1

*each defendant did to you that caused you to file this suit against them. Include names of any other persons involved, dates, and places.)*

## A. EIGHTH AMENDMENT VIOLATION:

1. At all times, relevant to this complaint plaintiff was incarcerated at Richard J. Donovan Correctional Facility (RJDCF), in San Diego, California.

2. At all relevant times Romero and Brunetto, were employed at RJDCF, as mental health clinical staff-charged with providing mental health care to the inmate population, and plaintiff was under their care.

3. Plaintiff suffers from Bipolar Depression, Post-Traumatic Stress Disorder (PTSD), and Panic Disorder. When he is symptomatic he goes through long bouts of feelings of helplessness, hopelessness, and impulsiveness-which leads him to act out in risky behaviors, such as, self-harm and other suicidal behaviors.

4. Plaintiff has a long and documented history of committing self-injurious acts, and has tried to end his own life on multiple occasions, which has led to several psychiatric hospitalizations in the past; and at the relevant times placement in the RJDCF's Enhanced Outpatient Program (EOP).   EOP is for inmates diagnosed with severe mental illness and/or major emotional disorders.

5. Romero and Brunetto, at all times relevant was aware of plaintiff's serious medical needs and long history of decompensation, and that failing to properly treat him would result in further unnecessary suffering and/or injury. However, with conscious disregard to plaintiff's medical needs they chose medically unacceptable courses of treatment, that caused plaintiff to further decompensate-resulting in serious physical injury and emotional/mental distress.

6. On or about September 23, 2022, plaintiff began to decompensate, in particular he had strong urges to kill himself or in the alternative seriously injure himself. He reported his feelings and thoughts to medical personnel, and was ordered to be placed in the MENTAL HEALTH CRISIS BED (MHCB) on suicide watch.  However, all beds were at

COMPLAINT - 2

full capacity, so he was instead housed in a bed not designated for inmates in a mental health crisis.

7. Because of the cell not being in the designated MHCB area in the prison, it was equipped for regular inmate use, and did not fall into the same cleaning guidelines as the MHCB. Therefore, plaintiff was able to find several razor blades laying on the table in the cell.

8. Plaintiff was in distress, so he later used the razors to slash his right wrist about eleven (11) times opening deep gashes, and then he swallowed the razor in an attempt to cut his insides.

9. In the early hours of September 24, 2022, plaintiff was taken to Alvarado Hospital to patch the deep cuts, and to receive treatment for swallowing the razor. At the hospital, he was treated by Dr. Maria G. Lopez (Dr. Lopez). He reported to her that he was having uncontrollable urges to self-mutilate and urges to commit suicide. She treated plaintiff and discharged him into Romero's care, with instructions that read "please do not allow the patient to have any objects that he can use to harm himself."

10. In blatant disregard to plaintiff's health and safety Romero discharged him back into the General Population, because the MHCB at RJDCF was still at full capacity when he returned from the hospital, so she would have been forced to do extra work to have plaintiff transferred to a prison where a designated MHCB was available.

11. As a result of Romero denying plaintiff adequate mental health treatment, he was placed back into an environment where he was able to obtain more razors, and on September 26, 2022, he cut himself so severely, that he needed eight (8) sutures to close the wounds. He was then placed on suicide watch in a non-MHCB, because the MHCB was at full capacity.

12. On September 27, 2022, plaintiff was interviewed by Brunetto, and he reported still being actively suicidal. Specifically, he reported to Brunetto that he had plans to hang himself or to cut himself again. Plaintiff further requested a higher level of psychiatric treatment in the MHCB. However, RJDCF's MHCB was still at full capacity, so Brunetto with consultation from Romero, and not wanting to transfer plaintiff to a MHCB at another

COMPLAINT - 3

facility discharged plaintiff to the General Population-again to the environment where he had the necessary tools to harm himself.

13. On the night of September 27, 2022, plaintiff was returned to General Population and given bedsheets. Plaintiff attempted suicide by hanging, but was found unresponsive by correctional officers and taken to University of California San Diego Hospital (UCSD) for treatment for injuries to his head, neck, and throat.

14. On or about September 28, 2022, at UCSD, plaintiff was given a Comprehensive Risk Assessment, by Dr. Arthur Aaron Meyer, MD Psychiatry (Dr. Meyer) Dr. Meyer found that plaintiff was a "high suicide risk," and was at a "high acute risk of self-harm." Dr. Meyers forwarded his findings to Dr. Rhodes at RJDCF, with recommendation for possible placement in the critical treatment center for inpatient psych; and discharged plaintiff to Dr. Rhodes care.

15. When plaintiff returned to RJDCF he was evaluated by Dr. Rhodes, and she finally admitted him to the MHCB, but RJDCF was still at full capacity, so plaintiff was placed in Administrative Segregation (Ad-Seg), pending transfer to an institution with an open MHCB for the following day.

16. On or about September 29, 2022, while plaintiff was awaiting transfer, in Ad-Seg, Brunetto came to plaintiff's cell agitated and behaving aggressive toward plaintiff. He was angry because Dr. Rhodes had admitted plaintiff to the MHCB against Brunetto's previous order. Plaintiff reported still being actively suicidal. However, Brunetto falsely reported that plaintiff admitted to faking his illness, and he rescinded Dr. Rhodes's order to transfer plaintiff to the MHCB-discharging plaintiff.

17. On or about October 2, 2022, while plaintiff was being housed in Ad-Seg, he was given bedsheets again, because of Brunetto's clearing. Plaintiff attempted suicide again by hanging, but was found unresponsive by correctional officers, and taken again to UCSD for treatment for neck and spinal injuries.

18. On October 3, 2022, plaintiff was discharged from UCSD and placed on suicide watch at RJDCF pending transfer to the MHCB, in Ad-Seg overflow, because the MHCB was still

COMPLAINT - 4

*at full capacity,*

19. *On or about October 4, 2022, Brunetto came to plaintiff's cell agitated and behaving aggressively and stated to plaintiff "I don't care what you tell the outside doctors, or what you do to yourself, you're not going to the crisis bed," Brunetto subsequently rescinded plaintiff's new MHCB referral-denying him mental health treatment, and causing plaintiff to further decompensate, resulting in unnecessary pain and suffering.*

## B.FIRST AMENDMENT VIOLATION:

20. Plaintiff hereby re-alleges the allegations set forth in paragraphs 1-19 above and incorporates the same herein as reference.

21. On or about September 29, 2022, Brunetto became aware that plaintiff had previously filed administrative grievances, regarding to some of the triggers that led to his mental health crisis. In particular plaintiff complained about abuse by prison staff. In retaliation for plaintiff using the grievance process, Brunetto used it for justification in his treatment notes to rescind plaintiff's referral to the MHCB, and to deny plaintiff adequate mental/medical treatment. There was no other penological reason to deny access to the MHCB with his mental health state at the time-other than to punish him for protected activity.

22. On or about October 3, 2022, plaintiff made a complaint against Brunetto and Romero for failing to properly treat plaintiff's mental health symptoms and give him the necessary care he needed. Prison administrators forwarded the complaint to Brunetto.

23. On or about October 4, 2022, Brunetto aggressively confronted plaintiff about the October 3 complaint. In retaliation for the complaint Brunetto rescinded plaintiff referral

COMPLAINT - 5

to the MHCB, and declared that no matter what plaintiff did to himself he (Brunetto) was not going to admit plaintiff for treatment. There was no other penological reason to rescind plaintiff's transfer to the MHCB, nor make unprofessional statements/threats other than retaliatory reasons to punish plaintiff for protected conduct. Brunetto violated plaintiff's First Amendment right.

**III. RELIEF YOU REQUEST** *(State exactly what you want the court to do for you. Do not use this space to state the facts of your claim.)*

*Plaintiff request: 1. Compensatory damages, in an amount to be proven at trial; 2. Punitive damages, in an amount to be proven at trial; and/or 3. Any other just relief the Court finds just and fair.*

**IV. DEMAND FOR JURY TRIAL** *(Would you like a trial by jury on all claims pursuant to FRCP, Rule 38?)*

(Yes) No

I declare under penalty of perjury that the foregoing is true and correct.

September 13, 2024

Date

Signature

Marquise Loftis

Printed Name

COMPLAINT - 6