UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE DEANGELO LOFTIS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GRACIELA ROMERO; BENEDETTO BRUNETTO,<br><br>　　　　　　　　　　　Defendants. | Case No.: 24-cv-1641-CAB-DDL<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **January 29, 2026**. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

　　1.　　Counsel[1] shall refer to the Judge Bencivengo's Chambers Rules for Civil Cases, which is accessible via the Court's website at www.casd.uscourts.gov. For ease of reference, Judge Bencivengo's rules concerning the procedure for seeking permission to file documents under seal is attached hereto.

　　2.　　Any motion for a protective order shall be filed by **February 12, 2026**.

---

[1] As used herein, references to "counsel" include any party representing himself or herself.

1

24-cv-1641-CAB-DDL

3. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed before Judge Bencivengo by **February 27, 2026**.

4. All written discovery requests must be served by not later than **March 27, 2026**. In accordance with the Federal Rules of Civil Procedure, the District's Civil Local Rules, and for the reasons discussed at the Case Management Conference, the following discovery limitations shall apply in this case:

| Discovery Type | Limitation (per side) |
|---|---|
| Requests for Production | 25 |
| Requests for Admissions | 25 |
| Interrogatories | 25 |

For purposes of the foregoing limitations, Plaintiff shall be treated as a single side, and Defendants shall be treated collectively as a single side. These limitations apply to unique discovery requests. For example, if Plaintiff propounds the same interrogatory to Defendants Romero and Brunetto, that counts as one interrogatory for the purposes of the limitations. The parties may seek leave to exceed the above limitations, which will be granted upon a showing of good cause.

5. Counsel for the parties must appear for a Status Conference before Magistrate Judge David D. Leshner on **April 29, 2026** at **10:00 a.m.** The Status Conference will be conducted by videoconference. Instructions for appearances will follow.

6. All fact discovery shall be completed by all parties by **June 26, 2026**. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

7. A Mandatory Settlement Conference shall be conducted on **July 7, 2026** at **2:00 p.m.** before Magistrate Judge Leshner. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

8. All disclosures required by Fed. R. Civ. P. 26(a)(2)(A) through (C) shall be served on all parties on or before **July 27, 2026**. Any contradictory or rebuttal information shall be disclosed on or before **August 17, 2026**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

9. All expert discovery shall be completed by all parties by **September 17, 2026**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

10. All pre-trial motions, other than motions to amend or join parties or motions *in limine*, shall be filed on or before **October 23, 2026**. All *Daubert* motions shall also be filed on or before **October 23, 2026**. Counsel for the moving party shall set the motion date on the date that is 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Bencivengo's chambers for a hearing date. The parties should review Judge Bencivengo's chambers rules for civil cases for the additional requirements for noticed motions before Judge Bencivengo.

Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the**

Court. Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

8. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **January 29, 2027**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

9. In jury trial cases before the Honorable Cathy Ann Bencivengo, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

10. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **February 5, 2027**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

    1. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

    2. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.

    3(a). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    3(b). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    3(c). A list of additional witnesses, including experts, counsel do not expect

to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

4(a).  A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.  All exhibits are to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

4(b).  A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

5.  A statement of all facts to which the parties stipulate.  This statement shall be on a separate page and will be read to and provided to the jury.

6.  A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

7.  Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order.  The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

13.  Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **February 12, 2027**.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

14.  The proposed pretrial order shall be lodged with the district judge's chambers on or before **February 19, 2027**, and shall be in the form prescribed in Local Rule 16.1.f.6.

15.  The final Pretrial Conference is scheduled on the calendar of the **Honorable**

1  Cathy Ann Bencivengo for **February 26, 2027** at **2:00 p.m.**

2  16. The trial in this matter shall commence on Monday, **March 29, 2027** at **8:45 a.m.**

4  17. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

6  **IT IS SO ORDERED.**

7  Dated: January 29, 2026

*David Leshner*
_____
Hon. David D. Leshner
United States Magistrate Judge

Protective Orders and Requests to File under Seal in Civil Cases

Although the Court acknowledges the parties' desire to maintain the confidentiality of documents produced in discovery, "[w]hen discovery material is filed with the court [] its status changes." *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1134 (9th Cir. 2003). The public policy reasons behind a presumption of access to judicial documents apply. *Id.* The common law and the Constitution afford the public a qualified right of access to judicial records and proceedings. *Times Mirror Co. v. U.S.,* 873. F.2d 1210, 1211 n.1 (9th Cir. 1989); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

In the Ninth Circuit there is a strong presumption in favor of access to court records and a party must show **compelling reasons** to file materials under seal as part of a non-discovery motion, even if they were produced subject to a discovery protective order. *See Foltz*, 331 F.3d at 1135-36. Once the protected discovery documents are made part of a dispositive [or non-discovery] motion, "they lose their status of being raw fruits of discovery" and no longer enjoy protected status without some overriding interests in favor of keeping the material confidential. *See id.*, at 1136.

Court records should be sealed to keep confidential only what must be kept secret, temporarily or permanently, as the situation requires. The party seeking to file under seal must provide articulable facts showing a compelling reason to limit public access to court filings. That a litigant might be embarrassed or exposed to additional liability or litigation, without more, is not sufficient. *Foltz*, 331 F.3d at 1136. A court's decision to seal material must be based on a compelling reason and the order allowing a filing under seal must articulate the factual basis for its ruling without relying on hypothesis or conjecture. *Pintos,* 605 F.3d at 679. "A 'good cause' showing will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments." *Id.* (citing *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006)).

Because the party that designated material as confidential should have the burden (and expense) of moving to file such documents under seal, the following procedures shall apply when a party intends to file a non-discovery motion before Judge Bencivengo that cites to or attaches documents designated confidential.

1. If the party filing the motion (or opposition thereto) intends to cite or attach documents or information that it believes should be filed under seal, the moving party must file a motion for permission to file under seal at least

        **seven calendar days** prior to the date on which it intends to file the motion. A courtesy copy of the motion for permission to file under seal, along with a courtesy copy of the unredacted materials that the party wants to file under seal, shall be delivered to Judge Bencivengo's Chambers within 24 hours of filing. After receiving a ruling from the Court on the motion for permission to file under seal, the party may file its substantive motion (or opposition) consistent with the Court's order.

2.     If the party filing the motion (or opposition thereto) intends to cite or attach documents or information that another party has designated as confidential pursuant to a protective order entered in the case, it shall serve notice to the designating party by email, no later than **eight business days** prior to the date it intends to file the motion, specifically identifying the documents and information it is contemplating using in connection with the motion. The designating party shall then have **four business days** from the date of the notice to file a motion seeking permission for the documents and information to be filed under seal. A courtesy copy of the motion for permission to file under seal, along with a courtesy copy of the unredacted materials that the party wants to file under seal, shall be delivered to Judge Bencivengo's Chambers within 24 hours of filing. After receiving a ruling from the Court on the motion for permission to file under seal, the party may file its substantive motion (or opposition) consistent with the Court's order. If the designating party does not timely file a motion for permission to file under seal, the confidential designation will be deemed waived, and the party seeking to use the documents or information shall file it publicly in connection with its motion or opposition.