

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARQUISE DEANGELO LOFTIS,

                Plaintiff,

v.

GRACIELA ROMERO; BENEDETTO BRUNETTO,

                Defendants.

Case No.:  24-cv-1641-CAB-DDL

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**

**[Dkt. No. 31]**

Before the Court is *pro se* Plaintiff Marquise DeAngelo Loftis's Motion for Appointment of Counsel.  Dkt. No. 31.  For the reasons stated below, the motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

Plaintiff brings this complaint based on his treatment while incarcerated at Richard J. Donovan Correctional Facility.  Dkt. No. 1.  Plaintiff alleges that his civil rights were violated when Defendants Romero and Brunetto failed to place him in appropriate housing for his mental illness.

1

Plaintiff filed the instant motion on February 19, 2026. Dkt. No. 31. He requests the appointment of counsel because he believes to be at a disadvantage in conducting discovery, obtaining and presenting expert testimony, engaging in legal analysis, and other tasks necessary to pursue his claims. *Id.*

## II.

## LEGAL STANDARD

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). However, the Court has discretion to appoint an attorney to represent indigent civil litigants upon a showing of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "That a *pro se* litigant may be better served with the assistance of counsel is not the test." *Okler v. MCC IMU Prison*, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019). Instead, the Court "must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Neither factor "is dispositive; rather they must be considered cumulatively." *Id.*

## III.

## DISCUSSION

### A.    Likelihood of Success

While Plaintiff asserts that his claims are "potentially meritorious," *see* Dkt. No. 31 at 3, he does not identify facts that support his chances of success on the merits. No motions to dismiss were filed, and discovery has just begun. Contrary to Plaintiff's assertion, there has been no screening of his case by the Court thus far. Given the early stage of the proceedings, there is no basis upon which the Court can predict Plaintiff's success at trial. *See Campos v. K.U.S.I. News Media*, No. 3:19-cv-01455-BAS-AGS, 2019 WL 4674290, at *2 (S.D. Cal. Sept. 24, 2019) (denying motion to appoint counsel where it "[was] simply too soon to tell whether he will be likely to succeed on the merits of any potential

constitutional claim"). The Court therefore finds that this factor weighs against the appointment of counsel.

**B.    <u>Plaintiff's Ability to Pursue his Claims</u>**

Plaintiff argues that the cost and complexity of litigating this case warrant the appointment of counsel. Dkt. No. 31 at 4-6. However, the challenges that Plaintiff describes are common to many self-represented litigants. Conducting discovery, obtaining and presenting expert testimony, and engaging in legal analysis are typical parts of litigating a case, and although the Court recognizes the challenges of completing such tasks without legal training, this hardship does not constitute an exceptional circumstance. See *Rodriguez v. United States*, No. 1:19-cv-00001-DAD-SAB(PC), 2021 WL 1172777, at *1 (E.D. Cal. Mar. 29, 2021) ("Circumstances common to most [litigants], such as lack of legal education…do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel").

## IV.

## <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's Motion for Appointment of Counsel [Dkt. No. 31] is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims and unable to competently articulate those claims. *Cano*, 739 F.3d at 1218.

**IT IS SO ORDERED.**

Dated:  February 20, 2026

_____

Hon. David D. Leshner

United States Magistrate Judge